UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RUBEN GUTIERREZ,

      Plaintiff,

v.                                    Case No. 2:20-cv-439-NPM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

## ORDER

Before the Court is an Unopposed Amended Application for Attorney's Fees (Doc. 34). Plaintiff Ruben Gutierrez's attorney requests the Court award attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $6,015.26. (Doc. 34). Plaintiff represents that the Commissioner of Social Security does not object to the relief sought (Doc. 34, p. 2).[1] For the reasons below, the motion is granted.

On June 16, 2021, the Commissioner sought remand as follows: "The Appeals Council will direct the Administrative Law Judge to reconsider Plaintiff's maximum residual functional capacity, reconsider the prior administrative medical findings

---

[1] The original motion for fees failed to comply with Local Rule 3.01(g). (Docs. 32, 33). The amended motion also fails to comply. (Doc. 34, p. 2). Plaintiff counsel is reminded that Local Rule 3.01(g)(2) requires a *separate* certification section at the *end* of a motion.

under the new medical evidence regulations (20 C.F.R. §404.1520c) and take any further action necessary to complete the record. This may include a hearing on remand and will require the issuance of a new decision." (Doc. 28). The Court granted the motion. And pursuant to sentence four of 42 U.S.C. § 405(g), the Court reversed the decision of the Commissioner and remanded the case. (Doc. 29). Final judgment was entered on June 17, 2021. (Doc. 30).

In order for Plaintiff to receive an award of fees under EAJA, the following five conditions must be established: (1) Plaintiff must file a timely application for attorney's fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Upon consideration and with no opposition by the Commissioner on eligibility grounds, the Court finds all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*,

505 U.S. 557, 562 (1992). After review of the services provided, the Court finds 28.5 hours expended by attorney Jonas H. Kushner are reasonable. (Doc. 34, pp. 9-11).

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines an increase in the cost of living, or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Thus, determination of the appropriate hourly rate is a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Plaintiff requests hourly rates of $207.35 for 2020, and $212.51 for 2021, which are unchallenged by the Commissioner. (Doc. 34, pp. 6-7). The Court finds the hourly rate may be adjusted to the reasonable requested hourly rates.

Plaintiff filed an Assignment of EAJA Fees, signed by Plaintiff, attorney Kushner, and three other attorneys presumably from his law firm. (Doc. 34, p. 12). The Assignment provides: "If a court awards me fees under the Equal Access to Justice Act, I assign them to you, agree they can be paid directly to you, and authorize you to endorse my name on checks paying them." (Doc. 34, p. 12). Thus,

the fees awarded should be paid directly to plaintiff counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff.

Accordingly, it is **ORDERED** the Motion for Attorney's Fees (Doc. 34) is **GRANTED**, and the Court awards $6,015.26 in attorney's fees. These fees may be paid directly to Plaintiff's counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff. The Clerk of Court is directed to enter an amended judgment.

**ORDERED** in Fort Myers, Florida on October 28, 2021.

_Nicholas P. Mizell_
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE